UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JANET HODGIN and ANNE-MARIE NEWBOLD,<br><br>Plaintiffs,<br><br>vs.<br><br>PARKER WAICHMAN LLP and JOHN DOES 1-10,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY |

Plaintiffs Janet Hodgin and Anne-Marie Newbold, individually and as class representatives for a National Class of similarly situated individuals, and Janet Hodgin as a class representative for a Washington State Class of similarly situated individuals, bring this action against Parker Waichman LLP ("Parker Waichman") and as yet unknown John Does 1-10, and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, alleging as follows:

### I.   PARTIES, JURISDICTION, VENUE

1.1. Defendant Parker Waichman is a limited liability partnership registered in the State of New York. Parker Waichman represents on its website at www.yourlawyer.com that it has offices in New York, Long Island, New Jersey, Washington D.C. and Florida, and that it

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 1



practices in the areas of "Accidents, Class Action, Defective Drugs, Medical Devices, Medical Malpractice, Nursing Home, Product Liability [and] Other Practice Areas."

1.2. John Does 1-10 are law firms, lead finders, marketing agents and/or telemarketers and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents and/or other related entities whose identities are currently unknown.

1.3. Plaintiff Janet Hodgin ("Plaintiff Hodgin") resides in Bellingham, Whatcom County, Washington. Ms. Hodgin receives telephone calls on her cellular telephone, including the call that is the subject of this Complaint.

1.4. Plaintiff Anne-Marie Newbold ("Plaintiff Newbold") resides in Louisville, Jefferson County, Kentucky. Ms. Newbold receives telephone calls and text messages on her cellular telephone, including those calls and texts that are the subject of this Complaint.

1.5. The calls and text messages in question were intended to be received and were received on Plaintiffs' cellular telephone numbers in Bellingham, Washington and Louisville, Kentucky.

1.6. Venue and Jurisdiction are proper under 28 U.S.C. § 1391 (b)(2) and (3), and 28 U.S.C. § 1331.

## II. THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400

2.1 In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD"). As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made." *See* RCW 80.36.400(1)(a).



2.2  The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

2.3  A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"). *See* RCW 80.36.400(3).

### III.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

3.1  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

3.2  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

3.3  The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

3.4  Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 3

WILLIAMSON & WILLIAMS
936 N 34th Street Suite 300
SEATTLE, WA 98103
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

3.5     The FCC confirmed this principle in 2013, when it explained that "a seller .... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574 (2013).

## IV. FACTS

4.1     On February 12, 2013, Defendants placed a call to Plaintiff Janet Hodgin's cellular telephone which was answered by Janet Hodgin. The call consisted of a pre-recorded message which stated words to the effect that, if the called party had been injured by using Yaz (a birth control pill) or other Yaz related products, she could receive compensation for her injuries. The message also stated that the called party should press 1 to obtain more information.

4.2.    Janet Hodgin pressed 1 and was connected with a gentleman who said he was with a call center named "Legal Services." He explained that they were collecting information from people injured by Yaz or their products, including diaphragms. The gentleman advised that Legal Services collects information from called parties like Plaintiff Hodgin to pass along to an attorney who would represent her in a class action case. He stated that they received Plaintiff Hodgin's telephone number through a referral. He also indicated that the pharmaceutical companies have set aside money to settle these class action suits because they knew that some people would be injured from their products, so Plaintiff Hodgin could receive money that is already there just waiting for her to claim it. When Plaintiff Hodgin said she was not comfortable giving out information without knowing more about the caller's company and asked

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF - 4

WILLIAMSON & WILLIAMS
935 N 34th Street Suite 300
SEATTLE, WA 98103
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

him for a website address to look up information about Legal Services, he said they did not have one. He indicated they were working for attorneys who are involved in the class action suits and Legal Services just passes information along to the attorneys.

4.3. On November 11, 2013, Defendants sent a text message to Plaintiff Anne-Marie Newbold's cellular telephone which was received by Plaintiff Newbold. The text message stated: "11/11/13- +16237036968: Have you or a loved one been injured or hospitalized because of YAZ, Yasimin or Ocella? TEXT help with our due compensation. 7:40 PM. Call…Text." Plaintiff Newbold did not respond to this text message.

4.4. On November 26, 2013, Defendants sent a text message to Plaintiff Newbold's cellular telephone which was received by Plaintiff Newbold. The text message stated: "11/26/13 +16025008855 WE HAVE A FREE WEBSITE TO HELP YOU GET FREE HELP AND GET A CASH SETTLEMENT. LET US HELP. Go to our website at http://makethempay2013/ 1:15 PM. Call…Text." The text link in this text message instructed the recipient to text back "Yaz." Plaintiff Newbold wanted to know who was sending unwanted text messages regarding Yaz to her cellular telephone, so she texted back "Yaz." She also went to http://makethempay2013/, a website address that now opens to a Block page that states, in part: "Domain you were looking for has been blocked or suspended," where she found a form to complete regarding Yaz related injuries. Neither the website nor the form revealed the identity of the entity, entities or persons responsible for sending the subject text messages to Plaintiff Newbold.

4.5. To determine who was responsible for sending the text messages without revealing her identity, Plaintiff Newbold completed the form on http://makethempay2013/ with fictional information. She stated that her name was Gina Lola and that she had suffered a deep

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 5



vein thrombosis injury while taking Yaz. On November 28, 2013, Thanksgiving Day, Plaintiff Newbold received two telephone calls on her cellular telephone from a New York area code, and she answered the second call. The caller was an attorney at Parker Waichman who encouraged Plaintiff Newbold to retain his firm to represent her in connection with her Yaz injury claim. Between November 29 and December 6, 2013, Plaintiff Newbold received an additional three telephone calls on her cellular telephone from attorneys at Parker Waichman encouraging her to retain their firm to represent her in a Yaz injury case.

4.6.   Parker Waichman also emailed "ginalola" a Yaz fee agreement on November 29, 2013, and sent her follow up emails on December 5 and 6, 2013, as well as a letter dated December 6, 2013 stating, in part, that Parker Waichman would not be representing her.

4.7.   On April 13, 2013, Defendants placed a call to Plaintiff Newbold's cellular telephone that Plaintiff Newbold answered. The call consisted of a pre-recorded message stating words to the effect that, if the called party had taken Yaz, Ocella, or Yazmen or had a Nuvaring, she may be entitled to financial compensation. If the called party had taken these medications, she was instructed to press 1 now, or press 9 to be removed from the calling list. During April 2013, Plaintiff Newbold received two other similar or identical pre-recorded telephone calls from Defendants on her cellular telephone.

4.8.   Plaintiff Hodgin's and Plaintiff Newbold's cellular telephone numbers were on the National Do-Not-Call Registry when Defendants placed the telephone calls and sent the text messages described above to Plaintiffs' cellular telephones.

**V. FIRST CLAIM FOR RELIEF**

**(Violation of Washington Automatic Dialing and Announcing Device Act, RCW 80.36.400)**

WILLIAMSON & WILLIAMS
936 N 34th Street Suite 300
SEATTLE, WA 98103
(206) 466-6230
(206) 535-7859 (FAX)
www.williamslaw.com

For Plaintiff Hodgin's first claim against Defendants, Plaintiff alleges:

5.1.  <u>Reallegation:</u>  Plaintiff Hodgin realleges and incorporates by reference the preceding paragraphs.

5.2.  <u>Violation:</u>  Defendants and their affiliates, agents, and/or other entities acting on its behalf have continually and repeatedly violated RCW 80.36.400(2) by using automatic dialing and announcing devices ("ADAD") to leave recorded messages for the purpose of encouraging Plaintiff Hodgins and the Washington Class to retain Defendant Parker Waichman's services.

5.3.  <u>Damages:</u>  As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of RCW 80.36.400(2), Plaintiff Hodgin and members of the Washington Class are entitled, under RCW 80.36.400(3), to damages in the amount of $500 for each and every call in violation of the statute. The full amount of damages will be proven at trial.

## VI. SECOND CLAIM FOR RELIEF

### (Violation of Washington Consumer Protection Act, RCW 19.86 *et seq.*)

For Plaintiff Hodgin's second claim against Defendants, Plaintiff Hodgin alleges:

6.1.  <u>Reallegation:</u>  Plaintiff Hodgin realleges and incorporates by reference the preceding paragraphs.

6.2.  <u>Violation:</u>  RCW 80.36.400(3) provides that a violation of RCW 80.36.400 is a violation of RCW 19.86 *et seq.*, the Washington Consumer Protection Act ("CPA"). Defendants and their affiliates, agents and others acting on its behalf have continually and repeatedly violated the CPA by using ADADs to leave recorded messages for the purpose of encouraging Plaintiff Hodgin and the Washington Class to retain Defendant Parker Waichman's services.

6.3.  <u>Damages:</u>  As a result of Defendants' and/or its affiliates, agents, and/or other

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 7



WILLIAMSON & WILLIAMS
935 N 34th Street Suite 300
SEATTLE, WA 98103
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

persons or entities acting on Defendant's behalf's conduct as alleged herein, Plaintiff and members of the Class have sustained damages in an amount presumed to be $500 for each and every call in violation of RCW 80.36.400. The full amount of damages will be proven at trial. Plaintiff Hodgin and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

6.4   <u>Injunctive relief:</u>   Plaintiff Hodgin and members of the Washington Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating RCW 80.36.400 and RCW 19.86 *et seq.*, by using automatic dialing and announcing devices to leave recorded messages for purposes of commercial solicitation.

## VII. THIRD CLAIM FOR RELIEF

### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)- Cellular Telephone Calls)

7.1.   <u>Reallegation:</u>   Plaintiffs reallege and incorporate by reference the preceding paragraphs.

7.2.   <u>Violation:</u>   The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent and/or knowing and/or willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the National Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

7.3.   <u>Damages:</u>   As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's negligent and/or knowing and/or willful

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 8



violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of the National Cell Phone Class presumptively are entitled to an award of $500 and up to $1,500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4.  Injunctive relief: Plaintiffs and members of the National Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalves from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## VIII. FOURTH CLAIM FOR RELIEF

**(Violation of 47 C.F.R. § 64.1200(c)(2), giving rise to cause of action under Telephone Consumer Protection Act, 47 U.S.C. § 227(c)(5)-Do-Not-Call violations)**

8.1.  Reallegation: Plaintiffs reallege and incorporate by reference the preceding paragraphs.

8.2.  Violation: The acts and omissions of Defendant and/or its affiliates, agents, on and/or other persons or entities acting Defendant's behalf in sending two text messages and placing three telephone calls to Plaintiff Newbold's cellular telephone within a 12 month period while that telephone number was registered on the national do-not-call registry, and texting and/or calling the residential and/or cellular telephone numbers of other consumers whose numbers were registered on the national-do-not call registry constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 227(c)(2), giving rise to a cause of action under the TCPA, 47 U.S.C. § 227(c)(5)

8.3.  Damages: As a result of Defendant's and/or its affiliates, agents, and/or other

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE
AND DECLARATORY RELIEF - 9



WILLIAMSON
& WILLIAMS
935 N 34th Street Suite 300
SEATTLE, WA 98103
(206) 466-6230
(206) 535-7899 (FAX)
www.williamslaw.com

persons or entities acting on Defendant's behalf's violating 47 C.F.R. 47 C.F.R. § 227( c )(2), Plaintiff Newbold and members of the National Do-Not-Call Class presumptively are entitled to an award of $500 and up to $1,500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(c )(5).

8.4. <u>Injunctive relief:</u> Plaintiffs and members of the National Do-Not-Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 227(c)(2) by placing telephone solicitation calls to telephone subscribers who have registered their telephone numbers on the national do-not-call registry.

## IX. CLASS ACTION ALLEGATIONS

9.1. <u>Reallegation:</u> Plaintiffs reallege the foregoing paragraphs as if fully stated herein.

9.2. This class action is brought and may be maintained pursuant to CR 23(b)(2) and (b)(3). Plaintiff Hodgin seeks to represent a Washington State Class comprised of:

> All Washington persons who received a pre-recorded telephone message on their telephone from Defendants and/or a third party acting on Defendants' behalf, sent by an automatic dialing and announcing device for purposes of commercial solicitation, at any time in the period that begins four years before the date of filing this Complaint to trial.

Plaintiffs Hodgin and Newbold seek to represent a National Cell Phone Class comprised of:

> All persons in the United States who received one or more non-emergency telephone calls from Defendants and/or a third party acting on Defendants' behalf, promoting Defendants' goods or services, on their cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, at any time in the period that begins four years before the date of filing this Complaint to trial.



Plaintiff Newbold seeks to represent a National Do-Not-Call Class comprised of:

> All persons in the United States who received more than one telephone solicitation call within any 12-month period from Defendants and/or a third party acting on Defendants' behalf, after registering their telephone number on the national do-not-call registry, at any time in the period that begins four years before the date of filing this Complaint to trial.

9.3. **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Upon information and belief the Classes each exceed 100 in number.

9.4. **Common Questions of Law and Fact.** The questions of law and fact are the same for all Class members, including whether the conduct of the Defendants and their affiliates, agents, or others acting on its behalf violated RCW 80.36.400 and the CPA as to Plaintiff Hodgin and all other Washington Class members, and violated 47 U.S.C. § 227 (b)(1)(A) as to Plaintiffs Hodgin and Newbold and all other National Cell Phone Class members, and violated 47 C.F.R. § 64.1200(c)(2) as to Plaintiff Newbold and all other National Do-Not-Call Class members.

9.5. **The Plaintiffs' Claims are Typical of the Classes.** Plaintiffs' claims are typical of the Class in that they arise from Defendants' repeated violation of RCW 80.36.400 and the CPA as to Plaintiff Hodgin and all other Washington Class members, violation of 47 U.S.C. § 227 (b)(1)(A) as to Plaintiffs Hodgin and Newbold and all other National Cell Phone Class members, and violation of 47 C.F.R. § 64.1200(c)(2) as to Plaintiff Newbold and all other National Do-Not-Call Class members.

9.6. **The Plaintiffs Will Fairly and Adequately Protect the Classes.** Plaintiffs will adequately represent and protect the interests of the Classes because they have retained competent and experienced counsel and their interests in the litigation are not antagonistic to the other members of the Classes.



9.7. **A Class Action is Maintainable Under CR 23(b)(3).** The questions of law and fact common to all members of the Classes predominate over questions affecting only individual members of the Classes, because all members of the Classes were subjected to the unlawful acts of Defendants' and/or persons or entities acting on Defendants' behalf in violation of state and/or federal law as outlined above. The prosecution of separate actions by individual members of the Classes against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions concerning these issues. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the Classes' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

9.8. **A Class Action is Maintainable Under CR 23(b)(2).** Defendants have acted on grounds generally applicable to Plaintiffs and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

### V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and the Classes of similarly situated individuals and entities, respectfully request that the Court enter judgment in their favor and in favor of the Classes for:

A. Certification of the Classes pursuant to CR 23(b)(2) and CR 23(b)(3);

B. Appointment of Plaintiffs as representatives of the Classes;

C. Appointment of undersigned counsel as counsel for the Classes;

WILLIAMSON & WILLIAMS
936 N 34th Street Suite 300
SEATTLE, WA 98103
(206) 466-6230
(206) 535-7633 (FAX)
www.williamslaw.com

D. Granting injunctive relief as permitted by law to ensure that Defendants and/or their affiliates, agents, and/or other related entities, will not continue to engage in the unlawful conduct set forth herein;

E. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the WADAD and/or the TCPA and regulations promulgated pursuant thereto;

F. An award to Plaintiffs and the Classes of damages, as allowed by law;

G. An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial;

I. Any other or further relief which the Court deems necessary, just and proper.

DATED this 2nd day of September, 2014.

        WILLIAMSON & WILLIAMS

        By /s/ Kim Williams, WSBA #9077
        Kim Williams, WSBA #9077
        Email: kim@williamslaw.com
        Rob Williamson, WSBA #11387
        Email: roblin@williamslaw.com
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 466-6230
        Facsimile: (206) 535-7899

        Beth E. Terrell, WSBA #26759
        Email: bterrell@tmdwlaw.com
        TERRELL MARSHALL DAUDT & WILLIE
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 816-6603
        Facsimile: (206) 350-3528

        *Attorneys for Plaintiffs and the Proposed Classes*

